## Louisville Auto Supply Company v. Irvine.

(Decided December 15, 1925.)

### Appeal from Shelby Circuit Court.

1. Highways—Whether Negligence of Defendant's Driver in Forcing Motorist from Road to Avoid Collision was Proximate Cause of Collision with Bridge Held for Jury.—Whether negligence of defendant's driver in forcing plaintiff's wife, who was driving, from the road to avoid a collision with defendant's car, was the proximate cause of her collision with the bridge, held for jury.

2. Evidence—Statement of Defendant's Agent, made Year After Accident, Held Not Substantive Testimony Against Defendant.—With respect to an accident to plaintiff motorist alleged to have been caused by negligence of defendant's driver, statement of latter, a year after the accident, that he never saw plaintiff's car until it was directly upon him, held not substantive testimony against defendant.

3. Appeal and Error—Reception of Substantive Evidence Not So in Fact Held Prejudicial Error.—In action for injuries sustained by plaintiff when his car collided with bridge, because of negligence of defendant's driver, as alleged, with reception in evidence in chief of driver's statement, made year after the accident, that he had not seen plaintiff's car until it was directly upon him, held prejudicial error, where the court did not charge that the evidence was only competent to contradict such agent.

4. Trial—Instruction Authorizing Recovery for Plaintiff Motorist if Defendant's Driver Exceeded Reasonable Rate of Speed Held Erroneous as Embracing Issue Not Involved.—In action for injuries received in a collision with end of bridge, based on theory defendant's driver, by failing to keep to the right of the center of the bridge which plaintiff's car was approaching, forced plaintiff's car off road in order to avoid a collision, instruction which authorized a recovery for plaintiff if defendant's driver did not operate the car at a reasonable rate of speed held error as embracing issue not involved; the evidence showing that regardless of the speed of the cars there was ample space for them safely to pass each other if each kept to the right of the center of the road.

5. Highways—Instruction which Trial Court should have Given in Action by Motorist for Injuries from Collision with Bridge, Seeking Recovery Against Defendant on Theory its Driver Forced Plaintiff

off Road to Avoid Collision, Held Proper.—In action for injuries received in a collision with end of bridge, which plaintiff's car was approaching, based on theory of defendant's driver by failing to keep to the right of center of bridge forced plaintiff's car off road in order to avoid a collision, trial court should have instructed that a verdict for plaintiff was authorized if defendant negligently failed to keep to the right of the center of the highway, and that, as a result, forced plaintiff to drive from the road in order to avoid collision, and that as a direct result the collision with the bridge was caused, and should have stated under what circumstances plaintiff's injury was the direct result of defendant's act, in forcing plaintiff's car off the road.

6.  Negligence—Intervening Cause Regarded as "Proximate Cause"—"Remote Cause."—Whenever a new cause intervenes which is not a consequence of the first wrongful cause and is not under control of the wrongdoer and could not have been foreseen by him by the exercise of reasonable diligence, and except for which the final injuries would not have happened, the second cause is ordinarily regarded as the "proximate cause" and the other as the "remote cause."

7.  Negligence—Intervening Negligence of Third Party Need Not be Anticipated.—When intervening act is merely negligent, an independent act of negligence by a third party is one which defendant is not generally bound to anticipate.

PICKETT, BARRICKMAN & KALTENBACKER and J. S. McELROY for appellant.

WILLIS, TODD & WILLIS and O'REAR, FOWLER & WALLACE for appellee.

Opinion of the Court by Commissioner Hobson—Reversing.

On January 20, 1922, Joseph B. Irvine and his wife were returning from Louisville to Frankfort in a car owned by Mrs. Irvine and driven by her. She was sitting on the left side of the car and he on the right; no one else was in the car. About ten miles from Frankfort a small stream crosses the pike. The roadway over the stream is 16 feet wide. There is a hill on either side of the bridge, but for something like a hundred feet on either side the ground is practically level. At the end of the bridge there are wings about 4 feet long to guard the entrance into the bridge. These wings run out at an angle and there are two concrete pillars at either end. As the Irvines approached the bridge from the west about 4 p. m. a car operated by Carl Becker, an agent of the Louisville Auto Supply Company, in its service, was approaching the bridge from the east. The evidence is conflicting as to what followed. The evidence for Irvine is to the

effect that Becker was running his car rapidly, taking up about two-thirds of the right-hand side of the road. The metal roadway there is 16 feet wide. When Mrs. Irvine got within about twenty or twenty-four feet of the bridge, seeing that Becker was about to run into her car she turned her car off the pike, the right wheel running in the dirt on the side of the road. In this way Becker passed her without striking her car, but in her effort to get her car back upon the road she struck the pillar supporting the wing of the bridge, breaking the front of the car and severely injuring Mr. Irvine. He brought this suit against the Auto Supply Company to recover for his injury, and on the trial of the case there was a verdict and judgment in his favor for $1,685.00. The defendant appeals.

It is earnestly insisted for the appellant that under the evidence the jury should have been peremptorily instructed to find for the defendant. There was no collision of the two cars, but there was evidence that the collision was only avoided by Mrs. Irvine pulling out of the road. She was running about twelve miles an hour and it was a question for the jury whether the negligence of Becker in forcing her from the road to avoid a collision was the proximate cause of her car colliding with the bridge.

On the trial of the case as evidence in chief the court permitted G. C. Hedges to testify that about a year after the accident Becker was riding with him and said, "It was dark and gloomy and I never saw the other car until it was right on me." This statement of the agent made many months after the accident was not substantive testimony against the defendant. Farmers' Bank v. Wickliffe, 131 Ky. 787; Castleman, Blakemore Co. v. Brucker, 167 Ky. 267, and cases cited.

It is earnestly insisted that the admission of the evidence was not prejudicial in view of all the testimony in the case. But Becker denied making the statement and denied that the fact was as stated. The court did not charge the jury that the evidence was only competent to contradict Becker. It was admitted as substantive testimony and may have had a very prejudicial effect upon the jury.

The court, among other things, gave the jury this instruction:

"It was the duty of the driver in charge of defendant's automobile, at the time and place de-

scribed in the evidence in passing the automobile in which plaintiff was riding, to keep reasonably to the right of the center of the road in the direction in which he was traveling, operate the car at a reasonable rate of speed and exercise ordinary care to avoid causing injury to plaintiff, and if the jury believe from the evidence that the driver of defendant's car negligently failed to exercise any one or more of these duties and as a direct result of such failure, if any, the car in which plaintiff was riding was caused to collide with the concrete rail or post of the bridge and plaintiff was injured, the law is for the plaintiff and the jury should so find, unless the jury so believe it should find for the defendant.''

As the cars did not collide the speed at which Becker was running was not the proximate cause of the accident. As the bridge and the metal roadway were each 16 feet wide, there was space for the two cars safely to pass, if each kept to the right of the center of the road. The case turns simply on whether defendant's car forced the other car from the road in order to avoid a collision and whether this was the proximate cause of plaintiff's injury. In lieu of the instruction quoted the court should have given this instruction:

1.   It was the duty of the driver in charge of the defendant's car, in passing the car in which plaintiff was riding, to keep to the right of the center of the road in the direction in which he was traveling, and if the jury believe from the evidence that he negligently failed to do this and by reason thereof forced the car in which plaintiff was riding from the road in order to avoid a collision between the two cars and as the direct result of such forcing of the car in which plaintiff was riding from the road, the same was caused to collide with the concrete rail or pillar of the bridge and plaintiff was thereby injured they should find for the plaintiff, otherwise they should find for the defendant.

2.   If Mrs. Irvine's car was forced from the road in order to avoid a collision, the plaintiff's injury was the direct result thereof, if under the circumstances a collision of her car with the rail or pillar of the bridge would reasonably result therefrom, though the car was operated by her with ordinary care after the two cars passed, and the jury should find for the plaintiff; otherwise it was not the direct result thereof and the jury should find for the defendant.

When the two cars passed Irvine was in no danger; though by the negligence of the driver of the other car Mrs. Irvine's car had been forced from the metal roadway and the wheels on one side were upon the wet earth at the side of the metal roadway; it was entirely safe there. If this had occurred 100 yards from the bridge it would be conceded that her subsequently striking the wing of the bridge was not the direct result of the defendant's negligence in forcing her from the roadway, for in that event plainly her own operation of her car, after the other car passed, would be the proximate cause of the collision. The proof varies as to the distance. Becker puts it at 50 feet. Whether the distance was 20 or 50 feet, if in the ordinary management of the car the collision would not have occurred, then such a result was not to be anticipated by Becker in passing her, and his negligence therein would not be the proximate cause of plaintiff's injury. The rule is thus stated in 22 R. C. L. p. 132-138:

> "Whenever a new cause intervenes which is not a consequence of the first wrongful cause, which is not under the control of the wrongdoer, which could not have been foreseen by the exercise of reasonable diligence by the wrongdoer, and except for which the final injurious consequences would not have happened, the second cause is ordinarily regarded as the proximate cause and the other as the remote cause.
>
> "When the intervening act is merely negligent the courts generally hold that an independent act of negligence by a third party is an occurrence which the defendant is not as a general rule bound to anticipate."

Judgment reversed and cause remanded for a new trial. Whole court sitting.