ROSE SULLIVAN, administratrix, *vs.* GORDON H. GRIFFIN (and a companion case[1]).

Suffolk.    May 10, 1945. — June 4, 1945.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & WILKINS, JJ.

*Proximate Cause. Negligence,* Violation of law, Motor vehicle. *Evidence,* Relevancy and materiality.

Evidence of a violation by the owner of an automobile of a municipal ordinance prohibiting parking it on a sidewalk, and of G. L. (Ter. Ed.) c. 90, § 13, prohibiting leaving it standing on a way "unattended without first locking or making it fast," while evidence of negligence in an action against the owner, would not have warranted a finding that such negligence was the proximate cause of personal injury and death of a pedestrian who was struck by the automobile while it was driven by a companion of one who had stolen it from where it stood ·on the sidewalk unattended and unlocked; and a verdict for the defendant in an action for such injury and death properly was ordered.

At the trial of an action for personal injuries and death of a pedestrian resulting from his being struck by an automobile of the defendant which had been stolen by a companion of the operator after the defendant had left it unattended and unlocked on a sidewalk in violation of an ordinance and of a statute, evidence that the automobile had been stolen before was irrelevant on the material issue of the case, whether the defendant's conduct was the proximate cause of the injuries and death, and was excluded properly.

TWO ACTIONS OF TORT. Writs in the Municipal Court of the City of Boston dated April 7, 1942.

On removal to the Superior Court, the actions were tried together before *Dillon,* J.

---

[1] The companion case is by the same plaintiff against the same defendant.

*J. E. Hannigan*, for the plaintiff.

*C. W. O'Brien*, for the defendant.

WILKINS, J. The administratrix of the estate of John J. Sullivan brings two actions of tort, one for death and one for personal injuries of her intestate, who was struck by the defendant's automobile, which was operated by boys who had misappropriated it. At the conclusion of the evidence the judge allowed the defendant's motions for directed verdicts. The plaintiff's exceptions relate to the granting of these motions and to the exclusion of evidence.

We briefly recite the facts most favorable to the plaintiff which the jury could have found. The defendant resided in the Faneuil district of Boston on Bigelow Street about one hundred fifty feet from a main thoroughfare. There was a garage under his house with an open area between the garage doors and the sidewalk. About 4 P.M. on November 19, 1941, he returned from shopping and backed his automobile partially into the driveway in front of the garage. The front wheels were on the sidewalk, and the automobile extended nearly across the sidewalk to the gutter. The defendant left the ignition key in the automobile, the window of which was open, and went into his house, from which he could not see the automobile. The defendant knew that if he left his automobile "on the sidewalk or on a public street with the key in the ignition where it could be seen by thieves going by, with the door open, there was danger that they would come in and get in the car and drive it away." Later two boys removed the key and went to Oak Square three quarters of a mile away, where they met two other boys named Benson and Kelley. Benson took the key, and Kelley and he went to the defendant's automobile, and pushed it out into the street. They started the engine, and with Benson operating drove about the neighborhood for an hour after picking up the two boys who had taken the key. The automobile was then parked on a street near Oak Square at a point about one mile from the defendant's house. About 6 P.M. Benson and Kelley returned, and, with a new third boy, drove around the neighborhood, being later joined by still another boy named

Crowley, who "pushed Benson over" and "took charge." "Crowley was a boy who stole cars." About 6:30 P.M., while driven by Crowley through Oak Square at sixty miles an hour the automobile, after passing a street car on the left, struck the intestate and knocked him down. By Article IV, § 7, of the traffic rules and regulations of the city of Boston then in force it was provided: "No driver shall stop, stand or park a vehicle in any of the following places, except when necessary to avoid conflict with other traffic, or with pedestrians, or in compliance with the direction of a police officer or traffic sign or signal: . . . Upon any sidewalk." There was a penalty of not exceeding $50 for violation.

The defendant violated not only the ordinance but also the provisions of G. L. (Ter. Ed.) c. 90, § 13, which read, "No person having control or charge of a motor vehicle shall allow such vehicle to stand in any way and remain unattended without first locking or making it fast." See also G. L. (Ter. Ed.) c. 90, § 7. "The violation of a penal statute or of a valid ordinance, rule or regulation is evidence of negligence as to all consequences that were intended to be prevented." *Kralik* v. *LeClair*, 315 Mass. 323, 326, and cases cited. Nothing is added by the defendant's knowledge that thieves might take the automobile if left unlocked. Theft of the automobile was undoubtedly a consequence intended to be prevented by the statute if not by the traffic regulation. But it is quite another thing to say that injuries sustained through the operation of the automobile by thieves in the circumstances here disclosed were consequences intended to be prevented. "Negligence consisting in whole or in part of violation of law, like other negligence, is without legal consequence unless it is a contributing cause of the injury. *Baggs* v. *Hirschfield*, 293 Mass. 1, 3." *Kelly* v. *Hathaway Bakeries, Inc.* 312 Mass. 297, 299. *Burke* v. *Durland*, 312 Mass. 291, 292–293. See *Falk* v. *Finkelman*, 268 Mass. 524, 527; *Bellows* v. *Worcester Storage Co.* 297 Mass. 188, 196. It is settled in this jurisdiction that the injuries here were not a proximate result of the defendant's negligence. The case at bar is

governed by *Slater* v. *T. C. Baker Co.* 261 Mass. 424, which was not overruled by *Malloy* v. *Newman*, 310 Mass. 269, a decision relating to an unregistered automobile. Nor is there any ground of distinction on the issue of proximate cause in the fact that in the *Slater* case the automobile was left where it might be seen by the defendant's employees. The plaintiff's contentions go far toward making the defendant an insurer as to the consequences of every accident in which his automobile might become involved while operated by the original thieves or their successors in possession. This is a course upon which, even if it were open, we decline to embark. See Am. Law Inst. Restatement: Torts, § 447, comment g.

No error was shown with respect to the one question of evidence argued. Following the injury to the intestate the automobile proceeded until it struck the parked automobile of one Crowley. The defendant with two others arrived at the scene shortly afterwards. Crowley testified that he had a conversation with the defendant, but, subject to the plaintiff's exception, was not allowed to testify that either the defendant or one of his companions in the defendant's presence said that the defendant's automobile had been stolen before. This was not admissible, at least in the absence of evidence of the circumstances of the prior theft or thefts. In any event, it had no bearing on the issue of proximate cause, so that even if the excluded evidence were given full probative effect it would not affect our conclusion.

*Exceptions overruled.*