CELESTA ANDERSON, SPECIAL ADMINISTRATRIX OF ESTATE OF DELBERT STENGLEIN, v. W. J. THEISEN.[1]

June 16, 1950.

No. 35,183.

[1]Reported in 43 N. W. (2d) 272.

*Hall, Smith & Hedlund,* for appellant.
*Freeman, King, Larson & Peterson,* for respondent.

LORING, CHIEF JUSTICE.

Action for the wrongful death of Delbert Stenglein by Celesta Anderson, special administratrix of his estate. The trial court in a commendably comprehensive opinion sustained defendant's demurrer. This appeal is from the order sustaining the demurrer.

The facts alleged are that on March 17, 1949, defendant left his automobile unlocked with the keys in the ignition switch and the motor running on a public street in Minneapolis. As a result, it was stolen. During their flight from the scene of the crime, the thieves negligently drove defendant's automobile into decedent's automobile, causing his death.

Section 9:1-1114.1, Minneapolis City Charter and Ordinances (1949) (Perm. ed.) p. 904, in force at the time, reads as follows:

"Every person parking a passenger automobile on any public street or alley in the City shall lock the ignition, remove the key and take the same with him."

The principal issue presented for decision is whether the violation of the city ordinance was the proximate cause of decedent's death.

In Wannebo v. Gates, 227 Minn. 194, 34 N. W. (2d) 695, this court was presented with almost the identical situation. There, defendant left his car unlocked with the keys in the ignition switch in violation of this same ordinance. The car was stolen, and several hours after the theft and about five miles from the place thereof it was driven negligently into plaintiff's automobile. We held that the acts giving rise to plaintiff's injury were too remote to charge defendant with responsibility. What distinguishes the Wannebo decision from the case at bar is that here it is alleged that the injury to plaintiff's decedent occurred during flight from the scene of the crime. We are therefore confronted with the question—which we specifically refused to decide in the Wannebo case—whether the

allegation that the death of plaintiff's intestate occurred during flight from the scene of the crime constitutes a cause of action.

The definition of proximate cause, to which this court adheres, is stated by Mr. Justice Mitchell in Christianson v. C. St. P. M. & O. Ry. Co. 67 Minn. 94, 97, 69 N. W. 640, 641:

"What a man may reasonably anticipate is important, and may be decisive, in determining whether an act is negligent, *but is not at all decisive in determining whether that act is the proximate cause of an injury which ensues.* If a person had no reasonable ground to anticipate that a particular act would or might result in any injury to anybody, then, of course, the act would not be negligent at all; but, *if the act itself is negligent, then the person guilty of it is equally liable for all its natural and proximate consequences, whether he could have foreseen them or not.* Otherwise expressed, the law is that if the act is one which the party ought, in the exercise of ordinary care, to have anticipated was liable to result in injury to others, then he is liable for any injury proximately resulting from it, although he could not have anticipated the particular injury which did happen. *Consequences which follow in unbroken sequence, without an intervening efficient cause,* from the original negligent act, *are natural and proximate;* and for such consequences the original wrongdoer is responsible, even though he could not have foreseen the particular results which did follow." (Italics supplied.)

We are primarily concerned here with the problem of "intervening efficient cause." Plaintiff contends that the theft and flight were foreseeable and that, in addition, it could be anticipated that nervousness or fear of apprehension on the part of the thieves would cause them to drive carelessly and negligently.

We need not here decide whether the provision of the Minneapolis traffic ordinance above quoted was designed for the protection of the members of that particular class of the public of which plaintiff's decedent was a member. As the trial court pointed out, the purpose of the council was largely for the protection of car owners themselves and as an aid in proper law enforcement in the discouragement of theft and pilferage. It is one thing to say that the

ordinance is designed to prevent thefts and quite another to say that it is aimed at preventing negligent driving from the scene of the theft. Sullivan v. Griffin, 318 Mass. 359, 61 N. E. (2d) 330. But for the purpose of this case only, assuming that the violation of the ordinance was negligence, we are of the opinion that the negligent driving of the thieves was the proximate cause of decedent's death and that the negligence of defendant, if any, was too remote in the eyes of the law to be regarded as connected as cause therewith. The weight of authority is to that effect. Slater v. T. C. Baker Co. 261 Mass. 424, 158 N. E. 778; Sullivan v. Griffin, *supra;* Galbraith v. Levin, 323 Mass. 255, 81 N. E. (2d) 560; Walter v. Bond, 292 N. Y. 574, 54 N. E. (2d) 691; Wilson v. Harrington, 269 App. Div. 891, 56 N. Y. S. (2d) 157, affirmed, 295 N. Y. 667, 65 N. E. (2d) 101; Lotito v. Kyriacus, 272 App. Div. 635, 74 N. Y. S. (2d) 599; Castay v. Katz & Besthoff, Ltd. (La. App.) 148 So. 76. Contrary decisions by inferior courts are Ostergard v. Frisch, 333 Ill. App. 359, 77 N. E. (2d) 537; Ross v. Hartman, 78 App. D. C. 217, 139 F. (2d) 14, 158 A. L. R. 1370, certiorari denied, 321 U. S. 790, 64 S. Ct. 790, 88 L. ed. 1080; Schaff v. R. W. Claxton, Inc. 79 App. D. C. 207, 144 F. (2d) 532; R. W. Claxton, Inc. v. Schaff, 83 App. D. C. 271, 169 F. (2d) 303.

As a general rule, a wilful, malicious, or criminal act breaks the chain of causation. Saugerties Bank v. Delaware & Hudson Co. 236 N. Y. 425, 141 N. E. 904; cf. Kennedy v. Hedberg, 159 Minn. 76, 198 N. W. 302; Robinson v. Butler, 226 Minn. 491, 33 N. W. (2d) 821, 4 A. L. R. (2d) 143; Goede v. Rondorf, 231 Minn. 322, 43 N. W. (2d) 770; Restatement, Torts, § 448. Hence, we hold that the negligence of the thieves in driving into the automobile of plaintiff's decedent was an intervening efficient cause interrupting the chain of causation between defendant's act in leaving his keys in the ignition switch and the death of plaintiff's decedent.

Affirmed.

MR. JUSTICE THEODORE CHRISTIANSON, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.