**Darrell Wayne FRANK, Inf., et al., Plaintiffs,**

v.

**Elsworth Ewing RALSTON and Streitmann Biscuit Company, Defendants.**

**Civ. 3078.**

United States District Court
W. D. Kentucky, at Louisville.

Oct. 22, 1956.

Sidney Hanish, Hanish & Hanish, Louisville, Ky., for plaintiffs.

Fielden Woodward, Woodward, Hobson & Fulton, Louisville, Ky., for defendants.

BROOKS, District Judge.

This action is submitted on defendants' motion to dismiss plaintiffs' complaint. The pleadings disclose that defendants' automobile was parked in an unguarded public parking lot and left unattended and unlocked with the key in the ignition. The car was stolen by a person unknown and within one hour from the time it was parked and approximately two miles from the parking lot the party operating the stolen car negligently ran into and injured the plaintiffs.

A statute of the State of Kentucky, KRS 189.430, and an ordinance of the City of Louisville, 18–7h(1), both make it unlawful for any person operating or in charge of a motor vehicle to permit it to stand unattended without locking the ignition and removing the key. Neither the statute nor the ordinance has been construed by the Kentucky Court of Appeals, but similar statutes and ordinances have been construed by courts in other jurisdictions.

For a case factually in point the defendants rely on Anderson v. Theisen, 231 Minn. 369, 43 N.W.2d 272, 273, where construing a similar law to the one involved here and under comparable facts the court held:

"But for the purpose of this case only, assuming that the violation of the ordinance was negligence, we are of the opinion that the negligent driving of the thieves was the proxi-

mate cause of decedent's death and that the negligence of defendant, if any, was too remote in the eyes of the law to be regarded as connected as cause therewith. The weight of authority is to that effect. Slater v. T. C. Baker Co., 261 Mass. 424, 158 N.E. 778; Sullivan v. Griffin, [318 Mass. 359, 61 N.E.2d 330]; Galbraith v. Levin, 323 Mass. 255, 81 N.E.2d 560; Walter v. Bond, 292 N.Y. 574, 54 N.E.2d 691; Wilson v. Harrington, 269 App.Div. 891, 56 N.Y.S.2d 157, affirmed 295 N.Y. 667, 65 N.E.2d 101; Lotito v. Kyriacus, 272 App.Div. 635, 74 N.Y.S.2d 599; Castay v. Katz & Besthoff, La.App., 148 So. 76."

and the court further stated:

"As a general rule, a wilful, malicious, or criminal act breaks the chain of causation. Saugerties Bank v. Delaware & Hudson Co., 236 N.Y. 425, 141 N.E. 904; cf. Kennedy v. Hedberg, 159 Minn. 76, 198 N.W. 302; Robinson v. Butler, 226 Minn. 491, 33 N.W.2d 821, 4 A.L.R.2d 143; Goede v. Rondorf [231 Minn. 322] 43 N.W.2d 770; Restatement, Torts, § 448. Hence, we hold that the negligence of the thieves in driving into the automobile of plaintiff's decedent was an intervening efficient cause interrupting the chain of causation between defendant's act in leaving his keys in the ignition switch and the death of plaintiff's decedent."

The decisions of the Kentucky Court of Appeals have adhered to the principle of law applied in Anderson v. Theisen, supra, that if a cause is remote, and only furnishes the condition or occasion of the injury, it is not the proximate cause of the injury, and especially is this true when the intervening cause is a wilful or negligent act that a prudent person would have no occasion to anticipate or foresee. Consolidated Contractors, Inc., v. Wilcoxen, Ky., 252 S.W.2d 429; Newton v. Wetherby's Adm'x, 287 Ky. 400, 153 S.W.2d 947; Louisville Auto Supply Co. v. Irvine, 212 Ky. 60, 278 S.W. 149;

Noonan v. Sheridan, 230 Ky. 162, 18 S.W.2d 976; City of Lawrenceburg v. Lay, 149 Ky. 490, 149 S.W. 862, 42 L.R.A.,N.S., 480; Wright v. L. C. Powers & Sons, 238 Ky. 572, 38 S.W.2d 465; Hines v. Westerfield, Ky., 254 S.W.2d 728.

Consistent with the cited authorities and under the circumstances of this case it must be held that the defendants could not as a matter of law be charged with the duty of anticipating that their unlocked and unattended car would be stolen and negligently operated so as to injure the plaintiffs.

An order dismissing the plaintiffs' complaint is this day entered.