James Levin, Louisville, Ky., Sidney Hanish, Ben Hanish, Morris Britt, Louisville, Ky., on brief; Hanish & Hanish, Louisville, Ky., of counsel, for appellants.

Fielden Woodward, Louisville, Ky., Woodward, Hobson & Fulton, Louisville, Ky., of counsel, for appellees.

Before SIMONS, Chief Judge, and MARTIN and STEWART, Circuit Judges.

**Darrell Wayne FRANK, an infant, and Leonard Ronald Frank, an infant suing by their father and next of friend, Charles Frank, Jr., Appellants,**

v.

**Elsworth Ewing RALSTON and Strietmann Biscuit Company, Appellees.**

**No. 13070.**

United States Court of Appeals Sixth Circuit.

Oct. 23, 1957.

PER CURIAM.

This is an appeal from an order of the district court dismissing the appellants' complaint which sought damages for personal injuries. Federal jurisdiction was grounded upon diversity of citizenship, and the law of Kentucky is applicable. The complaint alleged that the appellees' automobile was parked in an unguarded public parking lot in Louisville, Kentucky, and left unattended and unlocked with the key in the ignition in violation of a Kentucky statute and a Louisville ordinance; that shortly thereafter the automobile was stolen by an unknown person, whose negligent operation of the vehicle injured the appellees some two miles distant from the parking lot.

In dismissing the complaint the district judge concluded that under Kentucky law "it must be held that the defendants could not as a matter of law be charged with the duty of anticipating that their unlocked and unattended car would be stolen and negligently operated so as to injure the plaintiffs." D.C.W.D. Ky.1956, 145 F.Supp. 294, 295. It is the appellants' position that they were entitled to have a jury determine whether the appellees' negligence was a proximate cause of their injuries.

The precise question in issue has not been decided by the courts of Kentucky. In those jurisdictions where the question has arisen the courts have differed as to its resolution. Compare, for example, Ney v. Yellow Cab Co., 1954, 2 Ill.2d 74, 117 N.E.2d 74, 51 A.L.R.2d 624; Ross v. Hartman, 1943, 78 U.S.App.D.C. 217, 139 F.2d 14, 158 A.L.R. 1370, certiorari denied 1944, 321 U.S. 790, 64 S.Ct. 790, 88 L.Ed. 1080, with Anderson v. Theisen, 1950, 231 Minn. 369, 43 N.W.2d 272; Sullivan v. Griffin, 1945, 318 Mass. 359, 61 N.E.2d 330.

In this case a Kentucky district judge, versed in Kentucky law, decided after analyzing the decisions of the Kentucky Court of Appeals cited in his opinion, that the law of that state is in accord with the rule announced by the Minnesota court in Anderson v. Theisen, supra. See 145 F.Supp. 294. We are unable to conclude that this was error.

The order dismissing the complaint is affirmed.