Dolan, J.
Plaintiffs suffered personal injury and loss of consortium damages as a result of a motor vehicle accident involving the negligent operation of a misappropriated automobile by Robert Keogh, not a party to this appeal. Plaintiffs allege that defendant Automotive Specialties, Inc. is liable to them in that it negligently allowed Robert Keogh access to the automobile involved in the accident. The trial court allowed defendant’s Dist./Mun. Cts. R. Civ. P., Rule 56 Motion for Summaryjudgment, and plaintiffs appealed to this division.
The misappropriated automobile, owned by an auto rental agency, had been delivered to defendant, an auto repair shop, for repairs. Defendant had a locked area in which some automobiles awaiting repairs were parked; others were parked on the street in front of defendant’s place of business. On prior occasions, automobiles delivered to defendant for repairs had been stolen from both the locked area and from the location on the street in front of its place of business. The misappropriated automobile, parked on the street with keys in its ignition, was taken without authorization at a time when defendant’s business was closed.
Robert Keogh’s intention was to use the automobile for transportation. The issue of whether his crime was that of use of a motor vehicle without authority or larceny of a motor vehicle has not been resolved by the affidavits and other documents supporting the motion for summaryjudgment.
*67 A party moving for summary judgment has the burden of proving that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Community National Bank v. Dawes, 369 Mass. 550, 554 (1976). Although negligence questions are ordinarily left to the fact finder, there are instances where a judge may decide the issue as a matter of law. This occurs in those cases where no rational view of the evidence would warrant a finding of negligence. Luz v. Stop & Shop, 348 Mass. 198, 203-204 (1964); Mullins v. Pine Manor College, 389 Mass. 47, 56 (1983). Based on the current status of the law in this Commonwealth, this is such a case.
It is not enough that there is evidence of defendant’s negligence., The plaintiff must also show a causal relationship between the negligence and the harm suffered. Dinsky v. Framingham, 386 Mass. 801, 804 (1982). The general rule with respect to intervening acts of a third person who causes injury is that, “The act of a third person intervening and contributing a condition necessary to the injurious effect of the original negligence, will not excuse the first wrongdoer, if such act ought to have been foreseen. The original negligence still remains a culpable and direct cause of the injury. The test is to be found in the probable injurious consequences which were to be anticipated, not in the number of subsequent events and agencies which might arise.” Lane v. Atlantic Works, 111 Mass. 136, 139-140 (1872). The recent trend in cases decided by the Supreme Judicial Court makes clear that in some cases even the intervening act of a criminal wrongdoer will not cut off the liability of an original wrongdoer whose negligence made possible or created the conditions necessary for inj ury caused to the plaintiff. Mullins v. Pine Manor College, 389 Mass. 47 (1983) (defendant college held liable for damages arising out of the rape of one of its students'); Sharpe v. Peter Pan Bus Lines, Inc., 401 Mass. 788 (1988) (defendant bus company held liable for damages arising out of stabbing in bus terminal); Copithorne v. Framingham Union Hospital, 401 Mass. 860 (1988) (defendant hospital held liable for damages arising out of sexual assault by physician with staff privileges).
However, there is a line of cases in which it has been held that negligence in leaving a key in a parked automobile is not the proximate cause of injuries resulting from the negligent operation of the automobile by a thief. Galbraith v. Levin, 323 Mass. 255 (1948); Ouellette v. Bethlehem-Hingham Shipyard, Inc., 321 Mass. 390 (1947); Sullivan v. Griffin, 318 Mass. 359 (1945); Slater v. T.C. Baker Co., 261 Mass. 424 (1927). In 1978 our Supreme Judicial Court recognized this line of cases stating that, “The cases which have absolved an owner of a vehicle of liability when that vehicle has been stolen constitute a narrow exception to this general rule and represent an independent legal judgment that individuals are not bound to anticipate or guard against the actions of thieves. Such an exception to the general principles of negligence liability, however, should be applied only when the specific facts justifying the exception are present.” Jesionek v. Massachusetts Port Authority, 376 Mass. 101, 105 (1978). This case falls within that exception. "
Plaintiffs argue that all of the elements of larceny of a motor vehicle, including the wrongdoers’intent to permanently deprive the owner of the’use of the motor vehicle, must be proven by defendant in order that it be relieved from liability. In our view, it is the criminal taking of the vehicle rather than the wrongdoers’ ultimate intent that is significant. Accordingly, we rule that in the circumstances of this case, the wrongdoers’ ultimate intent with respect to permanently depriving the owner of the use of the automobile is not a material fact for the purpose of summary judgment. Because this case falls within the *68 exception to the general rule, defendant is entitled to judgment as a matter of law.
Report dismissed.