April **BRUCK**, Appellant

v.

Wayne L. **THOMPSON**, Appellee.

No. 2003–CA–000465–MR.

Court of Appeals of Kentucky.

March 26, 2004.

---

Elizabeth M. Dodd, Louisville, KY, for appellant.

James P. Dilbeck, Louisville, KY, for appellee.

Before BARBER, GUIDUGLI, and VANMETER, Judges.

## OPINION

VANMETER, Judge.

This is an appeal from a summary judgment entered by the Jefferson Circuit Court dismissing appellant April Bruck's negligence claim against appellee Wayne L. Thompson. After Thompson left the ignition key in an unlocked truck on his driveway, a thief took the vehicle, drove negligently and injured Bruck. For the reasons stated hereafter, we affirm.

On August 25, 2001, Thompson was working on his 1987 Ford F–150 truck, which was parked in his private driveway. Between 2:30 and 3:00 p.m., Thompson left home in another vehicle. Upon his return home between 5:00 and 6:30 p.m., his truck was missing. After verifying that none of his sons had borrowed the truck, Thompson reported it as stolen to the police.

Meanwhile, at about 4:00 p.m. that same day, Bruck attempted to cross Dixie Highway on foot. While standing in the center median after crossing two lanes, Bruck was struck by a Ford F–150 truck which narrowly missed her two companions. The truck continued onto the Gene Snyder Parkway and the driver was never identified. Bruck, who suffered injuries to her head, arm and back, was treated and released that evening from the University Hospital. The police found Thompson's Ford F–150 truck abandoned on the Greenbelt Highway the next morning. With the help of witnesses to the accident, the police identified the vehicle as being the truck that hit Bruck.

The record discloses that during his absence from home on August 25, Thompson left his unlocked truck in his driveway with the ignition key on the floorboard. The record indicates that Thompson had a car stolen from his property thirty years earli-

er, and that his home had been burglarized at least twice prior to January 1982.

The Jefferson Circuit Court relied on *Frank v. Ralston,* 145 F.Supp. 294 (W.D.Ky.1956), in holding as a matter of law that Thompson was not negligent in leaving the key in his unlocked truck because his conduct was not the proximate cause of Bruck's injuries.[1] On appeal, Bruck contends that the circuit court erred by (1) relying on the holding in *Frank,* (2) failing to find that Thompson owed a duty to Bruck to conform his conduct to that of a reasonably prudent person, and (3) failing to find that Thompson breached that duty by leaving the key in an unlocked truck on his driveway, which was the proximate cause of her injuries.

■ A party moving for summary judgment in a negligence case is entitled to judgment as a matter of law if the moving party shows that (1) it is impossible for the non-moving party to produce any evidence in the non-moving party's favor on one or more of the issues of fact,[2] (2) under undisputed facts, the moving party owed no duty to the non-moving party, or (3) as a matter of law, any breach of a duty owed to the non-moving party was not the proximate cause of the non-moving party's injuries. *Pathways, Inc. v. Hammons,* Ky., 113 S.W.3d 85, 89 (2003). The issues on this appeal are whether Thompson owed a duty to Bruck and if so, whether any breach of that duty was the proximate cause of Bruck's injuries.[3]

Based on *Isaacs v. Smith,* Ky., 5 S.W.3d 500, 502 (1999), Bruck argues " '[e]very person owes a duty to every other person to exercise ordinary care in his activities to prevent foreseeable injury' " *Id.* at 502 (quoting *Grayson Fraternal Order of Eagles v. Claywell,* Ky., 736 S.W.2d 328, 332 (1987)). In *Pathways,* the court held " '[t]he most important factor in determining whether a duty exists is foreseeability.' " 113 S.W.3d at 89 (quoting Leibson, 13 *Kentucky Practice* § 10.3 (1995)). The *Restatement (Second) of Torts* § 289(a) (1965) provides that "[t]he actor is re-

---

1. Although *Frank* is not controlling in Kentucky, it is persuasive. *See Embs v. Pepsi–Cola Bottling Co.,* Ky., 528 S.W.2d 703 (1975) (holding that a state court is not bound by a federal court interpretation of state law in a diversity action). In *Frank,* the court held that a car owner was not liable for a thief's negligent driving because the thief's conduct was an intervening cause, which broke the chain of causation between the owner's act in leaving the keys in the ignition and the injury to the third party. 145 F.Supp. at 295.

2. *Steelvest, Inc. v. Scansteel Service Center Inc.,* Ky., 807 S.W.2d 476, 483 (1991).

3. In *McCoy v. Carter,* Ky., 323 S.W.2d 210, 215 (1959), the court held that proximate causation presents a question of law and should be withheld from the jury when "there is no dispute about the essential facts and [only] one conclusion may reasonably be drawn from the evidence." *See also Pathways, Inc.,* 113 S.W.3d at 92. Here, the facts are undisputed. While Bruck proffers that a dispute exists over whether Thompson's son was driving the truck at the time she was struck, the record contains only that allegation without any supporting affidavits or other proof to counter Thompson's affirmative statement that his investigation of the circumstances revealed none of his sons were driving the truck at the time of the injury. *See, e.g., Hubble v. Johnson,* Ky., 841 S.W.2d 169, 171 (1992) (court holding that after party moving for summary judgment presented evidence that a genuine issue of fact did not exist, party opposing summary judgment was required to present at least some affirmative evidence demonstrating that there was a genuine issue of material fact); *Continental Casualty Co. v. Belknap Hardware & Manufacturing Co.,* Ky. 281 S.W.2d 914, 916 (1955) (party opposing summary judgment must present some affirmative evidence beyond the allegations of his or her pleadings); *Buchholtz v. Dugan,* Ky. App., 977 S.W.2d 24, 27 (1998) (party opposing summary judgment must present some affirmative evidence).

quired to recognize that his conduct involves a risk of causing an invasion of another's interest if a reasonable man would do so while exercising such attention, perception of the circumstances, memory, knowledge of other pertinent matters, intelligence, and judgment as a reasonable man would have." Thus, foreseeable risks are based on what Thompson knew at the time of the alleged negligence. *See* 113 S.W.3d at 90.

 Here, Bruck contends that the risk of theft and her injuries were foreseeable because Thompson left the keys in his unlocked truck on his driveway even though he had a car stolen from that property thirty years earlier, his home was burglarized twice before 1982, he lived in an urban area, he did not know his neighbors, and the yearly rate of car thefts in America has risen from 300,000 in 1960 to 1.2 million in 2000.[4] Bruck cites *Ney v. Yellow Cab Co.*, 2 Ill.2d 74, 117 N.E.2d 74 (1954), *Ross v. Hartman*, 139 F.2d 14 (D.C.Cir.1943), *Sullivan v. Griffin*, 318 Mass. 359, 61 N.E.2d 330 (Mass.1945), and *Anderson v. Theisen*, 231 Minn. 369, 43 N.W.2d 272 (1950), in support of her argument that leaving keys in a vehicle was negligent and the proximate cause of her resulting injuries. A review of these

cases, however, discloses that each involved a vehicle which was left parked on public property with a key in the ignition in violation of a statute or ordinance.[5] While KRS 189.430(3) (sometimes referred to as the "key-in-ignition" statute) prohibits a motor vehicle operator from leaving the motor vehicle unattended without locking the ignition and removing the key, our highest court has concluded that this statute is a "part of the regulations of traffic on public ways and may not be regarded as applicable to a private driveway." *Estridge v. Estridge*, Ky., 333 S.W.2d 758, 760 (1960). Thus, this statute has no applicability to the instant case, as it is undisputed that Thompson's vehicle was on his private driveway when it was stolen.[6]

 Even if we assume, however, that Thompson breached his duty of care and that it was foreseeable that his truck would be stolen, the thief's negligence constituted a superseding cause of Bruck's injury. In Kentucky, a "superseding cause is an independent force" which breaks the chain of causation and relieves the original actor from liability. *NKC Hospitals, Inc. v. Anthony*, Ky.App., 849 S.W.2d 564, 568 (1993); *see also Deutsch v. Shein*, Ky., 597 S.W.2d 141 (1980); *Commonwealth Dept.*

---

**4.** Federal Bureau of Investigation, <http://www.fbi.gov/ucr/00cius.htm>.

**5.** In fact, the holdings in *Anderson* and *Sullivan* both support Thompson's argument that, notwithstanding the violation of the statute/ordinance, the thief's negligent driving was the proximate cause of the injury, and any negligence of the owner in leaving keys in the car was too remote. *Sullivan*, 318 Mass. at 361–62, 61 N.E.2d at 332; *Anderson*, 231 Minn. at 372, 43 N.W.2d at 273.

**6.** Similarly, courts in other jurisdictions have denied recovery to the victim based on the theory that even though the car owner's violation of the key-in-ignition statute was evidence of negligence *per se*, it was not the proximate cause of the accident, having been

superseded by the intervening criminal activity of the intermeddler. *See, e.g., Lambotte v. Payton*, 147 Colo. 207, 363 P.2d 167 (1961); *Surratt v. Petrol, Inc.*, 160 Ind.App. 479, 312 N.E.2d 487, 488 (1974); *Kalberg v. Anderson Bros. Motor Co.*, 251 Minn. 458, 88 N.W.2d 197, 198 (1958); *Anderson v. Theisen*, 231 Minn. 369, 43 N.W.2d 272 (1950); *Permenter v. Milner Chevrolet Co.*, 229 Miss. 385, 91 So.2d 243 (1956); *Kozicki v. Dragon*, 255 Neb. 248, 583 N.W.2d 336, 339 (1998); *Gerken v. Hawkins Const. Co.*, 243 Neb. 157, 498 N.W.2d 97, 99 (1993); *Pendrey v. Barnes*, 18 Ohio St.3d 27, 29, 479 N.E.2d 283, 284 (1985); *Stone v. Bethea*, 251 S.C. 157, 161 S.E.2d 171 (1968).

*of Highways v. Graham.*, Ky., 410 S.W.2d 619, 620 (1966).

In *NKC Hospitals*, 849 S.W.2d at 568, this court summarized various authorities and concluded that a superseding cause will possess the following attributes:

1) an act or event that intervenes between the original act and the injury;
2) the intervening act or event must be of independent origin, unassociated with the original act;
3) the intervening act or event must, itself, be capable of bringing about the injury;
4) the intervening act or event must not have been reasonably foreseeable by the original actor;
5) the intervening act or event involves the unforeseen negligence of a third party [one other than the first party original actor or the second party plaintiff] or the intervention of a natural force;
6) the original act must, in itself, be a substantial factor in causing the injury, not a remote cause.

In this case, the original action was the leaving of the key in the car, and the intervening act was the negligent driving of the thief. All the factors indicate that the thief's intervening action, *i.e.*, his negligent driving, was a superseding cause, which was not reasonably foreseeable. Thus, the leaving of the key in the truck was a negligent act which merely created a condition.

■ Courts in other jurisdictions that have addressed this issue as it relates to vehicles taken from private property have similarly held that the owners of such vehicles are not liable for the actions of negligent thieves. See *Hensler v. Renn,* 166 Ill.App.3d 819, 823, 117 Ill.Dec. 759, 520 N.E.2d 1110, 1112 (1988) (holding that the owner who left keys in a vehicle at a convenience store parking lot was not liable for the injuries caused to a third person by a negligent thief because "there were no special circumstances which would have put the defendant on notice that a theft was likely to occur"); [7] *George v. Breising,* 206 Kan. 221, 227, 477 P.2d 983, 988 (1970) (holding that injuries to a pedestrian struck by a car stolen from a private automobile repair shop were proximately caused by the negligence of the thief, and that shop owner's negligence was a remote cause); *Pendrey v. Barnes,* 18 Ohio St.3d 27, 29, 479 N.E.2d 283, 284 (1985) (holding that the acts of a car thief "are a sufficient intervening or superseding cause to break the chain of causation with respect to the car's owner" who left keys in the vehicle, and noting that while the theft may have been foreseeable by the car owner, the subsequent negligent use of her car was not foreseeable); *Sailor v. Ohlde,* 71 Wash.2d 646, 430 P.2d 591 (1967). In fact, as noted in these decisions, the weight of authority is that the vehicle owner is not liable for injuries caused by the negligence of a thief. See *Restatement (Second) of Torts* § 302B (1965) [8]; William H. Danne, Jr., Annotation, *Liability of Motorist Who Left Key in Ignition for Damage or Injury Caused by Stranger Operating the Vehicle,* 45

---

**7.** In *Hensler,* the court upheld summary judgment in favor of the vehicle owner notwithstanding that the privately owned convenience store was in a high crime area and heavily trafficked. The court held that the facts did not amount to "special circumstances" placing a duty on the owner to remove his keys from the ignition. 166 Ill.

App.3d at 824, 117 Ill.Dec. 759, 520 N.E.2d at 1112.

**8.** Illustration 2 under *Restatement (Second) of Torts* § 302B, comment d in essence sets forth the facts of the instant case with the conclusion that the vehicle owner is not negligent.

A.L.R.3d 787 (1972); D.E. Evins, Annotation, *Liability of Owner for Injury or Damage Caused by Stranger Starting Motor Vehicle or Automotive Equipment Left Parked Off the Street*, 91 A.L.R.2d 1326 (1963).

In the present case, the evidence that Thompson did not know his neighbors and that he lived in an urban neighborhood did not constitute a special circumstance. Moreover, a car theft 30 years earlier did not establish a pattern of thefts such that Thompson was on notice that another theft was imminent. Thus, no special circumstance existed which provided Thompson with sufficient notice that a theft was likely to occur. Further, the thief's negligence was an independent unforeseeable act which intervened between Thompson's act in leaving the key in an unlocked truck on his driveway and Bruck's injuries. That intervening act was a superseding cause which relieved Thompson of liability. We conclude, therefore, that the circuit court properly held that it would be impossible for Bruck to produce evidence at trial warranting a judgment in her favor. *Hubble v. Johnson*, Ky., 841 S.W.2d 169 (1992); *Steelvest, Inc. v. Scansteel Service Center*, Ky., 807 S.W.2d 476 (1991). Thus, the summary judgment was properly granted.

The judgment of the Jefferson Circuit Court is affirmed.

ALL CONCUR.