Mike FRYMAN, individually, and in his Official Capacity as Bourbon County Jailer; Bourbon County Government; and Dorcas Davis, individually, and in her Capacity as Bourbon Circuit Clerk, Appellants,

v.

Prentice HARRISON, Appellee.

and

Prentice HARRISON, Appellant,

v.

Mike FRYMAN, individually, and in his Official Capacity as Bourbon County Jailer; Bourbon County Government; and Dorcas Davis, individually, and in her Capacity as Bourbon Circuit Clerk, Appellees.

Nos. 94–SC–305–DG, 94–SC–313–DG.

Supreme Court of Kentucky.

May 11, 1995.

Leslie Patterson Vose, Landrum, Shouse & Patterson, Lexington, Chris Gorman, Atty. Gen., William B. Pettus, Asst. Atty. Gen., Civ. Div., Frankfort, Jane Durkin Samuel, Sheila P. Hiestand, Landrum & Shouse, Lexington, for appellants/appellees, Mike Fryman, Bourbon County Government and Dorcas Davis.

Douglas R. Wright, Judy M. Wright, Wright & Wright, Falmouth, for appellee/appellant, Prentice Harrison.

G. Phillip Williams, R. Thaddeus Keal, Williams and Wagoner, Louisville, for amicus curiae Ky. Ass'n of Counties.

### REVERSING IN PART AND AFFIRMING IN PART

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which affirmed the dismissal against the defendants in their official capacities on the basis of sovereign immunity. However, a majority of the Court of Appeals held that the jailer and the circuit clerk could be sued individually for negligent acts.

Harrison alleges that injuries suffered by him as a result of an assault by Robert Custard would not have occurred except for the negligence of the government officials who released Custard from jail without requiring that a bail bond be properly posted. The Court of Appeals reversed the orders of the circuit court which had dismissed the complaint against the government officials.

The questions presented are whether the jailer and the circuit clerk are liable in an individual capacity; whether they have a duty to protect Harrison from harm; whether the doctrine of sovereign immunity should be abolished and whether the dismissal by the circuit court was proper.

In January of 1991, Custard was arrested in Bourbon County and charged with first-degree assault and wanton endangerment for an incident involving the shooting of a woman and himself. He was released on $15,000 unsecured bail bond signed by his parents. At arraignment, his parents were released from the bond at their request, and Custard was placed in the custody of the jailer. Custard was released on April 22, 1991, without another bond being posted. He assaulted Harrison on June 12, 1991, in Harrison County. He pled guilty to the offense of second-degree assault and was sentenced to five years for the crime of assault. Harrison filed suit alleging that the circuit clerk was negligent in completing documentation on a bond revocation and that the jailer was negli-gent in releasing Custard following the bond revocation and that such negligence caused the injury suffered by Harrison when he was assaulted by Custard in June. Harrison also filed a civil complaint against Custard but he is not a party to this appeal.

The Court of Appeals affirmed the dismissal of all claims against Bourbon County and the jailer and clerk in their official capacities but remanded all claims against the jailer and clerk in their individual capacities. This Court granted discretionary review to Fryman and Davis with regard to their individual liability and to Harrison in respect to the question of sovereign immunity.

█ In this analysis of legal duty, we have determined that the major issue is the question of foreseeability. In order to apply any "universal duty of care" to a particular circumstance, "it must appear that the harm was foreseeable and the facts must be viewed as they reasonably appeared to the parties charged with negligence. . . ." *North Hardin Developers v. Corkran*, Ky., 839 S.W.2d 258 (1992); *Mitchell v. Hadl*, Ky., 816 S.W.2d 183 (1991). If the ultimate injuries were not foreseeable to the governmental officials in their individual capacity, and if the victim of the injury was not identifiable, there was no duty to prevent such an injury. Cf. *Grayson v. Claywell*, Ky., 736 S.W.2d 328 (1987).

The Court of Appeals goes far beyond the decision of this Court in *Grayson, supra*. The concepts of foreseeable injury and readily identifiable victim are broadly extended regardless of foreseeability. The requirement of a "duty to all" is a beginning point for any duty analysis. The examination must be focused so as to determine whether a duty is owed, and consideration must be given to public policy, statutory and common law theories in order to determine whether a duty existed in a particular situation.

█ In this case, the jailer and the clerk cannot be held individually responsible for the criminal acts of an inmate after that inmate has been released from the custody of the jailer for over two months. Public officials in an individual capacity or otherwise, cannot be expected to protect every individu-

al whether known to them or not from any possible harm by third parties. Fryman and Davis did not have a duty to protect anyone from harm who was not readily identifiable.

In order to establish an affirmative legal duty on public officials in the performance of their official duties, there must exist a special relationship between the victim and the public officials. *Ashby v. Louisville*, Ky.App., 841 S.W.2d 184 (1992). Such a requirement relates not only to actions pursuant to 42 U.S.C. § 1983, but to an ordinary tort case such as this one. Although the Ashby case involved municipal immunity as well as a § 1983 claim, we find that the decision of the Court of Appeals in *Ashby v. Louisville, supra,* provides a soundly reasoned position and properly announced a two-part test for determining when a "special relationship" existed. It must be demonstrated that "the victim was in state custody or was otherwise restrained by the state at the time in question, and that the violence or other offensive conduct was perpetrated by a state actor." Here, it was not alleged that Harrison was in state custody or otherwise restrained by the state, or that Custard was a state actor. Therefore, there was no special relationship between Harrison and the clerk and jailer. The relationship between Custard, the clerk and the jailer was only a general duty owed to the public at large and not specifically to Harrison. In the absence of facts indicating that a special relationship existed, it was entirely appropriate for the circuit court to dismiss the claims in their entirety. For an additional discussion of governmental tort liability for injuries caused by negligently released individuals see Janet Boeth Jones, Annotation, *Governmental Tort Liability for Injuries Caused by Negligently Released Individual,* 6 A.L.R. 1155 (1981).

Harrison had not stated a cause of action for which relief can be given against the individual defendants and therefore the dismissal was proper.

The question in any negligence action is whether the defendant owes a legal duty to the plaintiff. The particular circumstances of the case must be considered in order to ascertain whether a duty is owed. To establish a negligence claim against a public offi-cial, the complaint must allege a violation of a special duty owed to a specific identifiable person and not merely the breach of a general duty owed to the public at large. *See Janan v. Trammell,* 785 F.2d 557 (6th Cir. 1986), in a case deciding a § 1983 action.

A review of the fact pattern here indicates that Davis had no statutory duty to notify Fryman of the release of the sureties on the bond. KRS 30A.060 is not applicable to the factual situation described in the complaint because the statute does not impose a duty on the clerk to notify the jailer of the release of the surety. There is no legal duty on the circuit clerk to provide notice to the county jailer or any other person of the release of a surety on an unsecured bond unless the circuit clerk is directed to notify a person by the circuit judge. There is a duty to prepare an order of commitment when directed by the judge but this is not applicable here. RCr 4.42 does not apply to this situation because again the circuit clerk has no duty to notify the jailer of the decision of the judge when there is a change of condition of release. The Court of Appeals was in error when it announced a duty to notify because such a duty, if it ever exists, arises only by virtue of a direction of the judge in a specific situation which is not present in this case.

There are no facts alleged which support the decision by the Court of Appeals that the circuit clerk or the jailer knew or should have known that Custard was likely to cause bodily harm to Harrison if not controlled.

The Court of Appeals incorrectly relied on *Grayson, supra,* and *Evans v. Morehead Clinic,* Ky.App., 749 S.W.2d 696 (1988). The Court of Appeals extended the specific duties noted in those cases to impose a duty on government officials to protect unknown and unidentified members of the general public from injuries by persons who are inadvertently released from jail pending trial without first posting bond. *Grayson,* is not controlling in this particular action. That case involved a situation where a bartender consciously and actively assisted an intoxicated patron in committing the illegal act of driving while drunk. Here, neither Davis nor Fryman assisted Custard in the crime of assault-

ing Harrison which occurred several months after he was released. In *Grayson*, the bartender supplied the alcohol which enabled the patron to commit the illegal negligent act in driving while drunk. Neither Davis nor Fryman took any role in the criminal act of the assault by Custard.

*Evans, supra*, limited the duty to protect to the reasonably foreseeable victims of a particular danger. The Court stated "[t]his foreseeability encompasses victims specifically identified and those readily identifiable." In this case, the Court of Appeals went beyond the holding of *Evans*, to create a duty to protect a victim who was not known or identifiable or foreseeable. *Evans* is not controlling of this case because neither Davis nor Fryman knew that Custard would injure Harrison as opposed to any other member of the public. In *Evans*, the victim was identifiable.

■ The assault by Custard was an intervening or superseding cause which was not under the control of either Davis or Fryman. The question of whether an undisputed act or circumstance is a superseding cause is a legal issue for the court to resolve and not a factual matter for the jury. *Montgomery Elevator Co. v. McCullough*, Ky., 676 S.W.2d 776 (1984). There was no dispute that the claimed act of negligence or the assault actually occurred. Thus the issue was not a mixed question of law and fact. The matter on review is the proper application of CR 12.02 as to dismissal. We find no error in regard to the action by the circuit judge.

Finally, we must consider the position of Harrison which seeks to abolish sovereign immunity for the circuit clerk and the county jailer. We find the arguments presented to be unpersuasive. This Court recognized the continuing applicability of Section 231 of the Kentucky Constitution as an appropriate protection for state and county officials in *Calvert Investments, Inc. v. Louisville and Jefferson Co. Metropolitan Sewer District*, Ky., 805 S.W.2d 133 (1991). In this case, the county could not be sued, nor could the clerk or jailer be sued in their official capacity. We find no reason presented here to reexamine the question of sovereign immunity.

It is the holding of this case that in applying the duty of care to this set of circumstances, there was no individual duty to protect against the ultimate injury because the harm was not foreseeable and the victim was not identifiable when the facts are viewed as they reasonably appeared to the parties charged with negligence.

The decision of the Court of Appeals in regard to the application of sovereign immunity to the jailer and the circuit clerk in their official capacities is affirmed. That part of the decision of the Court of Appeals which holds that the jailer and circuit clerk could be sued in their individual capacities for negligent acts is reversed.

All concur.