Rosezella VAUGHN, et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civil Action No. 93–9.

United States District Court, E.D. Kentucky.

July 22, 1996.

Warren Scoville, Scoville, Cessna & Adair, London, KY, for Plaintiffs.

Jane E. Martindell, Torts Branch, Civil Division, U.S. Department of Justice, Washington, DC, for Defendant.

## *OPINION AND ORDER*

BERTELSMAN, Chief Judge.

### INTRODUCTION

This matter is before the court on the government's motion to dismiss or for summary judgment (doc. # 97), the government's motion to extend time to file a reply (doc. # 116), the government's motion to strike (doc. # 118), and the government's motion for leave to file a memorandum in excess of the page limitation (doc. # 129). On June 19, 1996, the court conducted an oral argument, by telephone, on the pending motions.

The facts of this case, which are largely undisputed, are as follows. Prior to 1990, Robert Foley was convicted of various criminal charges, including murder and aggravated assault. In 1990, he was charged in Cler-

mont County, Ohio with forgery, passing a bad check, theft, and possession of a weapon while under a disability for allegedly passing a bad check for the purchase of a firearm.

To gain leniency on Foley's pending state charges, his parole officer contacted the FBI in late November 1990, to offer Foley's assistance as an informant.[1] In mid-January 1991, Foley offered to provide information concerning the whereabouts of federal fugitive Jerome Bargo, a former resident of Eastern Kentucky. Bargo had been convicted of attempted murder of a police officer, armed bank robbery, burglary, and safe burglary and was an escapee from incarceration for the attempted capital murder of a police officer. Bargo has been on the FBI's Ten Most Wanted List since July 1990. He currently remains at large.

In February 1991, Foley failed to appear for his trial in Clermont County, Ohio, and a warrant was issued for his arrest. Shortly thereafter, FBI Special Agent Ronald Poole, with the authorization of his supervisor but without fully complying with the FBI regulations, appeared before the state court judge asking the judge to permit Foley to remain free on bond so that the FBI could use Foley in its investigation of Bargo. Agent Poole assured the court that Foley would return for his new trial date. The court ultimately set Foley's trial for August 15, 1991.

On August 15, 1991, Foley appeared before the state judge, and entered a guilty plea to charges of theft and possession of a weapon while under disability. The FBI did not appear at Foley's trial nor did it request leniency on Foley's behalf. However, the FBI did make Foley's cooperation with the FBI known to the state prosecutor. At the guilty plea, the state judge noted that Foley was working with the FBI, ordered a presentence report, and continued Foley's bond.

On August 17, 1991, Foley hosted a party at his home. It is undisputed that the party was unrelated to Foley's assistance to the FBI. Rather, the party was simply a social gathering for Foley and his friends.

1. In late January, 1991, Foley was converted from an informant to a cooperative witness. According to the United States, an "informant" provides information on a confidential basis and is not expected to testify at trial. A "cooperative witness" provides information and/or operational assistance and may or may not testify at trial.

Rodney and Harry "Lynn" Vaughn attended the party. During the party, Rodney Vaughn and Robert Foley had an argument which evolved into a short fist fight. The fight was broken up immediately, and Foley told Lynn Vaughn to take his brother home. However, Rodney Vaughn and Foley ultimately shook hands, and the party resumed. A few minutes later, Rodney Vaughn told Foley not to ever "sucker punch" him again. Foley responded by punching Rodney Vaughn, and another fight ensued. During the second fight, Foley fatally shot Rodney and Lynn Vaughn.

Rosezella Vaughn and other family members initiated this action against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA"). Defendant has moved for summary judgment on plaintiffs' claim.

Plaintiffs argue that the FBI was negligent in "opening" Foley as an informant, in failing to properly supervise Foley, in intervening in the Ohio court proceedings, and in continuing to use Foley as a cooperating witness after he deceived the FBI and misappropriated FBI funds. Plaintiffs claim that the discretionary function exception to the FTCA does not apply since the FBI agents involved in this case violated FBI policies. They argue that the FBI's violation of its own policies supports their claim that the government was negligent in this case. Plaintiffs maintain that they have established the government's negligence since, had the FBI not asked the state judge to permit Foley to remain free on the bond, Foley would not have been able to commit the murders.

Defendant contends that Foley was neither an "employee" under the FTCA nor acting within the scope of his duties when he killed the Vaughns. Defendant also claims that plaintiffs' action is barred under the FTCA by both the assault and battery and discretionary function exceptions. Furthermore, defendant argues that FTCA claims may not be based upon violations of internal FBI guidelines. Finally, defendant contends that plaintiffs have not stated a claim for negli-

gence under Kentucky law since the United States owed no duty to the Vaughns and since there is no causal connection between the defendant's actions and Foley's murder of the Vaughns.

## ANALYSIS

The FTCA imposes liability against the United States:

> [F]or injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances *where the United States, if a private person, would be liable* to the claimant in accordance with the law of the place where the act or omission occurred.[2]

28 U.S.C. § 1346(b) (emphasis added). Therefore, to impose liability against the United States in this case, the plaintiffs must demonstrate that a private person would be liable under the same circumstances.

■ Plaintiffs' claim alleges that the government was negligent in selecting Foley, in supervising him, and in choosing to intervene in the Ohio state court proceedings. In order to establish a claim for negligence in Kentucky, plaintiffs must prove a duty, breach of the duty, and injury. *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245 (Ky.1992). In addition, in order to establish liability, plaintiffs also must demonstrate that the injury was proximately caused by the negligence. *Ferguson v. United States Army*, 938 F.2d 55 (6th Cir.1991) (citing *Deutsch v. Shein*, 597 S.W.2d 141, 143 (Ky. 1980)).

■ It is clear that, under Kentucky law, neither a private or a public person or entity would have any duty to the decedents under the situation presented on this record.

In *Evans v. Morehead Clinic*, 749 S.W.2d 696 (Ky.App.1988), the plaintiff was shot by a deranged mental patient who was under the delusion that plaintiff was having an affair with the patient's wife. The patient had made specific threats against the plaintiff.

---

**2.** In this case, the alleged acts or omissions at issue occurred in both Kentucky and Ohio. However, each party has only cited Kentucky law

in support of its positions. Accordingly, this court will apply Kentucky law to the negligence claims.

The plaintiff sued the treating medical professionals for failure to warn him of the patient's dangerous propensities.

The appellate court held that a claim for relief was presented because the prospective victim was "specifically identified" or "readily identifiable."

The appellate court adopted *Restatement (Second) of Torts* § 315, which provides:

> There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or (b) a special relation exists between the actor and the other which owes to the other a right of protection.

*Evans*, 749 S.W.2d at 698.

This analysis was specifically approved by the Supreme Court of Kentucky in *Fryman v. Harrison*, 896 S.W.2d 908 (Ky.1995). Although *Fryman* involved public officials sued in their individual capacities, the analysis of the court in some portions of the opinion is applicable to private defendants as well. The court held:

> The Court of Appeals incorrectly relied on *Grayson, supra*, [*Grayson v. Claywell*, Ky., 736 S.W.2d 328 (1987)] and *Evans v. Morehead Clinic*, Ky.App., 749 S.W.2d 696 (1988). The Court of Appeals extended the specific duties noted in those cases to impose a duty on government officials to protect unknown and unidentified members of the general public from injuries by persons who are inadvertently released from jail pending trial without first posting bond. *Grayson*, is not controlling in this particular action. That case involved a situation where a bartender consciously and actively assisted an intoxicated patron in committing the illegal act of driving while drunk. Here, neither Davis nor Fryman assisted Custard in the crime of assaulting Harrison which occurred several months after he was released. In *Grayson*, the bartender supplied the alcohol which enabled the patron to commit the illegal negligent act in driving while drunk. Neither Davis nor Fryman took any role in the criminal act of the assault by Custard.
>
> *Evans, supra*, limited the duty to protect to the reasonably foreseeable victims of a particular danger. The Court stated "[t]his foreseeability encompasses victims specifically identified and those readily identifiable." In this case, the Court of Appeals went beyond the holding of *Evans*, to create a duty to protect a victim who was not known or identifiable or foreseeable. *Evans is not controlling in this case because neither Davis nor Fryman knew that Custard would injure Harrison as opposed to any other member of the public*. In *Evans*, the victim was identifiable.
>
> The assault by Custard was an intervening or superseding cause which was not under the control of either Davis or Fryman.

*Id.* at 910–911 (emphasis added).

This language is directly applicable to and controlling of the case at bar. This court again emphasizes that, although *Fryman* involved public officials, the part of the opinion quoted interprets cases involving private parties and is clearly applicable to all similar cases, whether involving public officials or private parties.

Although there may have been a special relationship between the FBI and the informant here, the injury to the decedents in the instant case was not foreseeable in that the informant had not specifically threatened them.[3] Indeed, their unfortunate shootings

---

3. *Marin v. United States*, 814 F.Supp. 1468 (E.D.Wash.1992), relied on by the plaintiffs, and involving a rogue informant, is distinguishable from the case at bar. In *Marin*, the informant had specifically threatened the plaintiff who was a readily identifiable potential victim. That is not the case here. In addition, the *Marin* court relied upon a Washington State Court case which held that parole officers are under a duty to control parolees. *Marin*, 814 F.Supp. at 1488–1489 (citing *Taggart v. State*, 118 Wash.2d 195, 822 P.2d 243 (1992)). Kentucky has rejected such a general duty. *See Fryman v. Harrison*, 896 S.W.2d 908 (Ky.1995); *Ashby v. City of Louisville*, 841 S.W.2d 184 (Ky.Ct.App.1992); *Moore v. Commonwealth*, 846 S.W.2d 715 (Ky.Ct. App.1992). *Marin* cites *Restatement (Second) of Torts* § 319 in a similar situation, but this court holds that Kentucky courts would apply that sec-

were a spur of the moment conflict among friends. The victims were the social guests of the informant at the time.

Further, under the teaching of *Fryman,* the violent act of the informant was a superseding cause of the victims' injuries.

Because of the clear lack of duty and causation, a private party would not be liable to the plaintiffs. And, under the FTCA, neither is the United States.

Because of the clarity of this proposition, it is not necessary to address the other interesting issues raised by the parties.

Therefore, the court being advised,

**IT IS ORDERED** as follows:

1. That the motion of defendant for an extension of time to file a reply (Doc. # 116) be, and it is, hereby **granted;**

2. That the motion of defendant to strike (Doc. # 118) be, and it is, hereby **denied;**

3. That the motion of defendant for leave to file a memorandum in excess of the page limitation (Doc. # 129) be, and it is, hereby **granted;** and

4. That the motion of defendant for summary judgment (Doc. # 97) be, and it is, hereby **granted.**

tion only to situations where a custodial relationship exists.