Mary E. HILL, Appellant,

v.

Steven ALVEY and Alice Alvey, Appellees.

Supreme Court of Kentucky.

Nov. 18, 1977.

---

* The first sentence of this statute was deleted by the General Assembly in 1976.

**614**

Richard H. Nash, Sr., Nash, Gildersleeve & Nash, Louisville, for appellant.

Chester A. Vittitow, Jr., Hogan, Taylor, Denzer & Bennett, Louisville, for appellees.

REVERSING

PER CURIAM.

Appellant Mary E. Hill was injured in an automobile accident on appellees' driveway. The Jefferson Circuit Court entered summary judgment dismissing her claim and appellant brings this appeal.

On the morning of May 31, 1975, appellee Alice Alvey asked her neighbor, appellant Mary Hill, to assist her in fitting an infant car seat into the Alveys' automobile which was parked in appellees' driveway. In attempting to adjust the seat belt on the passenger side of the front seat, appellant knelt in the driveway and leaned in the open front door. While appellant was engrossed in her task, appellees' three-year-old son, Chris, got into the automobile and dislodged the gear shift lever which had been placed in the park position. The car rolled down the driveway and over both Mrs. Hill and Mrs. Alvey.

Appellant claims a jury question was presented concerning appellees' negligence in failing to apply the emergency brake when parking their car on an incline, and in negligently permitting their young child to enter the car where it was foreseeable that he might hit or dislodge the gear shift lever thereby setting the car in motion.

It is the opinion of the court that the trial court erred in determining as a matter of law that appellees were free from negligence. In the case of *Moore v. Lexington Transit Corporation,* Ky., 418 S.W.2d 245 (1967), we reversed a directed verdict in favor of the parents of an eight-year-old boy who opened the door of his father's car into the side of a passing bus. (The sudden stopping of the bus caused injury to a passenger.) Although the boy had never before opened the car door without being directed to do so, this court held a jury might reasonably find his mother ". . . was negligent in failing to anticipate the child might do what he did do, and in failing to take steps to prevent it." The court went on to state, ". . . We have consistently recognized the duties of motorists, who are complete strangers, to anticipate the propensities of children. . . . Certainly a parent should not be held to a lesser degree of care."

We have repeatedly held that caution must be exercised in granting summary judgment in negligence cases. Cf. *Gullett v. McCormick,* Ky., 421 S.W.2d 352 (1967). Appellant should have been allowed to present evidence to show, if she could, that ordinary care required the appellees to anticipate that an active three-year-old child might dislodge the gear shift and cause injury to himself or others unless the emergency brake were set when parking the car on an incline.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.