THOMPSON, JUDGE:
*284 This is an appeal from a summary judgment of the Lawrence Circuit Court by a building owner whose commercial property was destroyed when a truck parked on the property ignited and caught the eaves of the building on fire. The issues presented are whether the truck's owner was a trespasser and whether he can be liable for negligence when the fire was set by an unknown third-party.
Dan Howard and Sherolyn Howard are the owners of property in Lowmansville, Kentucky. At the time of the fire, the property was leased by Bob and Diane Castle who operated a grocery store on the property known as Family Food.
In the late evening of December 26, 2015, after the store closed, Leslie Matthew Spradlin parked his truck in the store parking lot. He left with a friend leaving a firearm, two ammo clips and a tool box in the truck.
Sometime during the night, Spradlin's truck caught fire. The actual cause of the fire has not been determined, although to be clear, there is no suggestion that Spradlin set the fire to either the truck or the store building. The Howards' claim is that a third-party broke into Spradlin's truck, stole the firearms, ammo clips and tool box and then burned the truck to cover the crime. The eaves of the grocery store caught fire and the building was entirely destroyed.
In his deposition testimony, Spradlin explained that his wife had worked at the grocery store and Bob Castle was a friend. He parked in the store lot after hours many times and believed Bob would not object to him parking in the lot on the evening of the fire. However, he did not have express permission of the Howards or Castles to park in the store's lot on that night.
During discovery, the Howards admitted that there were not any "no trespassing signs" or "no parking" signs on the property at the time Spradlin parked his truck. They further admitted that they never advised Spradlin or anyone not to park on the property after hours.
On June 29, 2016, the Castles, in separate affidavits dated June 29, 2016, stated as follows:
That affiant further states that there were no "no parking" signs on the premises and no other signs which would keep persons from parking on the premises any time.
That affiant never objected to persons parking on the premises as long as they didn't interfere with the daily operations of the business.
The affiant states that persons often parked there after closing hours and affiant never objected to same and felt that the openness of the lot was good for business.
The affiant states that there were no locked gates, fences or any other signs or other notices which would keep persons from parking on the lot and affiant *285 did not consider any person, including Matthew Spradlin, to be trespassers on the lot after closing hours and that individuals frequently parked on the premises after closing hours and were never considered to be trespassers[.]
On August 18, 2017, the Castles again signed separate affidavits. They repeated that there were not any "no parking" signs in the parking lot when Spradlin parked his truck and that, although Spradlin did not obtain permission to park his truck on the lot the night of the fire, "people did park there all the time."
Based on the above recited undisputed facts, the circuit court granted summary judgment to Spradlin. We review its summary judgment under a well-established standard. Under Kentucky Rules of Civil Procedure (CR) 56.03, we must ask whether the circuit court correctly found that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, "an appellate court need not defer to the trial court's decision and will review the issue de novo. " Lewis v. B & R Corp., 56 S.W.3d 432, 436 (Ky. App. 2001). The party opposing summary judgment must present "at least some affirmative evidence showing that there is a genuine issue of material fact for trial." Steelvest, Inc. v. Scansteel Service Center, Inc., 807 S.W.2d 476, 482 (Ky. 1991). Summary judgment is only proper when "it appears impossible for the nonmoving party to produce evidence at trial warranting a judgment in his favor[.]" Id.
The Howards argue Spradlin was a criminal trespasser under Kentucky Revised Statutes (KRS) 511.080(1) and, therefore, he is liable under a theory of negligence per se. We agree with the circuit court that under the undisputed facts, Spradlin was not a trespasser.
Statutory law is consistent in its definition of a trespasser. KRS 381.231 defines a "trespasser" as "any person who enters or goes upon the real estate of another without any right, lawful authority or invitation, either expressed or implied[.]" In the criminal context, KRS 511.080(1) provides "[a] person is guilty of criminal trespass in the third degree when he knowingly enters or remains unlawfully in or upon premises." KRS 511.090 provides that "[a] person 'enters or remains unlawfully' in or upon premises when he is not privileged or licensed to do so."
As the above definitions indicate, either in the civil or criminal context, a person who enters the property of another "by express invitation or implied acquiescence of the owner or occupant solely on [his] own business, pleasure or convenience" is not a trespasser. Scuddy Coal Co. v. Couch , 274 S.W.2d 388, 390 (Ky. 1954). As stated in Bradford v. Clifton , 379 S.W.2d 249, 250 (Ky. 1964) :
Habitual or customary use of property for a particular purpose, without objection from the owner or occupant, may give rise to an implication of consent to such use to the extent that the users have the status of licensees, where such habitual use or custom has existed to the knowledge of the owner or occupant and has been accepted or acquiesced in by him.
Spradlin was not a trespasser. There was not a "no trespassing" sign or other signage that would put anyone on notice that parking on the lot was prohibited after hours. Spradlin testified he had previously parked on the store lot after hours without objection from the Castles. The Castles' affidavits stated they never objected to anyone parking on the premise at any time, people often parked on the store *286 lot after hours without their objection, and they believed it was beneficial to their business for people to park there. Most telling, the Castles stated they, the possessors of the property, did not consider any person, including Spradlin, to be a trespasser when parked on the lot after hours.
In light of the evidence produced by Spradlin, the Howards had the burden to present evidence establishing a triable issue of material fact that the Castles' objected to Spradlin parking on the store lot after hours. Steelvest , 807 S.W.2d at 482. No such evidence having been produced, summary judgment was appropriate as to any claim of trespass.
Regardless of how the Howards creatively attempt to frame their claim, it is a common-law negligence claim. Any negligence claim has four elements: "(1) a legally-cognizable duty, (2) a breach of that duty, (3) causation linking the breach to an injury, and (4) damages." Patton v. Bickford , 529 S.W.3d 717, 729 (Ky. 2016). Whether the defendant owed a duty to the plaintiff is a question of law for the court, while breach and injury are questions of fact for the jury. Pathways, Inc. v. Hammons, 113 S.W.3d 85, 89 (Ky. 2003). Causation is a mixed question of law and fact. Id.
The initial inquiry is whether the defendant owed a duty to the plaintiff. The Kentucky Supreme Court's decision in Grayson Fraternal Order of Eagles, Aerie No. 3738, Inc. v. Claywell, 736 S.W.2d 328, 332 (Ky. 1987), is often cited for the proposition that Kentucky has adopted a "universal duty of care" under which "every person owes a duty to every other person to exercise ordinary care in his activities to prevent foreseeable injury." Despite the "universal duty of care" embraced in Grayson , the Supreme Court subsequently clarified that the duty was limited by the concept of foreseeability. In Pathways, 113 S.W.3d at 89 (quoting David J. Leibson, 13 Kentucky Practice, Tort Law § 10.3 (1995) ), the Court stated "[t]he most important factor in determining whether a duty exists is foreseeability."
Foreseeability defies precise definition but is generally defined in terms of occurrences that a reasonable person would anticipate. In Merchants Ice & Cold Storage Co. v. United Produce Co. , 279 Ky. 519, 131 S.W.2d 469, 471-72 (1939), the concept was described as follows:
[T]he prudence of men's actions is measured by the circumstances under which they act and not by the event which caused them to act; if they act with reasonable judgment, they are not liable because the event has exceeded their expectations due to causes that could not be foreseen or reasonably anticipated. Men are not called upon to guard against every risk that they may conceive as possible but only against what they can forecast as probable.
Although almost any outcome is possible, it does not mean it is probable. As noted in Pathways (quoting Restatement (Second) of Torts § 289(a) ), "[t]he actor is required to recognize that his conduct involves a risk of causing an invasion of another's interest if a reasonable man would do so while exercising such attention, perception of the circumstances, memory, knowledge of other pertinent matters, intelligence, and judgment as a reasonable man would have." Pathways, 113 S.W.3d at 90.
Despite the declared limitation of foreseeability on the universal duty concept, the Court would later rethink the relationship between duty and foreseeability. In Shelton v. Kentucky Easter Seals Soc., Inc. , 413 S.W.3d 901 (Ky. 2013), the Kentucky Supreme Court departed from traditional law and held that foreseeability has no place in the duty analysis under the open and obvious doctrine. The Court held *287 that foreseeability was a factor in the breach analysis that presents a jury question unless "reasonable minds cannot differ or it would be unreasonable for a jury to find breach or causation[.]" Id. at 916. In that instance, summary judgement is appropriate. Id.
No doubt, Shelton is a landmark decision in premises liability law. It "modified (and perhaps abolished) the open and obvious doctrine[.]" Carney v. Galt , 517 S.W.3d 507, 510 (Ky. App. 2017). However, this is not a premises liability case.
Unfortunately, the Supreme Court was less than clear whether foreseeability is taken out of the duty analysis in all negligence cases or its decision applies only to the open and obvious doctrine.[1] In this case, whether we consider foreseeability in a duty, breach or causation analysis makes no difference. Because there is no question of material fact and only one reasonable conclusion can be reached regarding breach of any duty by Spradlin or causation, summary judgment was appropriate. Shelton, 413 S.W.3d at 916.
Spradlin did not breach any duty of reasonable care by merely parking his truck six feet from the grocery store building. No reasonable person would say that is so. A truck in a place where it is legally permitted to be parked simply does not pose a recognizable risk. Common practice and experience tells us this is true.
The Howards argue that it was not the parking of the truck that posed the danger but rather the gun, ammo clips and toolbox inside made it probable a thief would take the items and burn the truck to cover the crime. They argue that Spradlin should have anticipated these crimes would occur and, as the argument goes, parked his truck a sufficient distance from the building so as not to catch it on fire when the crimes occurred or removed the items from the parked truck.
The Howards' argument is that Spradlin should have foreseen a crime upon a crime and taken reasonable care to prevent what was a possible but an improbable occurrence. The Howards' breach of duty argument is counterintuitive to the third element of negligence, causation.
Causation as an element of any negligence action consists of two components, but-for causation and proximate cause. "But-for causation requires the existence of a direct, distinct, and identifiable nexus between the defendant's breach of duty (negligence) and the plaintiff's damages such that the event would not have occurred 'but for' the defendant's negligent or wrongful conduct in breach of a duty." Patton, 529 S.W.3d at 730.
The second component, proximate causation, "captures the notion that, although conduct in breach of an established duty may be an actual but-for cause of the plaintiff's damages, it is nevertheless too attenuated from the damages in time, place, or foreseeability to reasonably impose liability upon the defendant." Id. at 731. It is "bottomed on public policy as a limitation on how far society is willing to extend liability for a defendant's actions[.]" Id. (quoting Ashley County, Arkansas v. Pfizer, Inc. , 552 F.3d 659, 671 (8th Cir. 2009) ).
*288 The superseding intervening cause doctrine interplays with proximate causation in that a superseding cause breaks the chain of causation so that an otherwise negligent actor is relieved from liability. Id. While the act of a third-party may be an intervening cause, it is a superseding cause only when the act is "extraordinary" and of an "unforeseeable nature." Briscoe v. Amazing Products, Inc., 23 S.W.3d 228, 229 (Ky. App. 2000). A superseding cause possesses the following attributes:
1) an act or event that intervenes between the original act and the injury;
2) the intervening act or event must be of independent origin, unassociated with the original act;
3) the intervening act or event must, itself, be capable of bringing about the injury;
4) the intervening act or event must not have been reasonably foreseeable by the original actor;
5) the intervening act or event involves the unforeseen negligence of a third party [one other than the first party original actor or the second party plaintiff] or the intervention of a natural force;
6) the original act must, in itself, be a substantial factor in causing the injury, not a remote cause. The original act must not merely create negligent condition or occasion; the distinction between a legal cause and a mere condition being foreseeability of injury.
NKC Hosps., Inc. v. Anthony , 849 S.W.2d 564, 568 (Ky. App. 1993). "As with the determination of proximate cause generally, 'whether an undisputed act or circumstance was or was not a superseding cause is a legal issue for the court to resolve, and not a factual question for the jury." ' Patton , 529 S.W.3d at 731 (quoting House v. Kellerman , 519 S.W.2d 380, 382 (Ky. App. 1974) ).
As a general rule, a person's conduct that has not created a risk of harm has no duty to foresee the conduct of a third person. Grand Aerie Fraternal Order of Eagles, 169 S.W.3d at 849. However, an intervening act, even if criminal, does not necessarily relieve an original negligent actor from liability.
When explaining the superseding cause doctrine in the context of third-party intentional torts and criminal acts, our Supreme Court has heavily relied on the Restatement (Second) of Torts beginning with § 448.
That section postulates that "an intentional tort or crime is a superseding cause" where the defendant's "negligent conduct" only creates "a situation which afforded an opportunity" for another to commit an intentional tort or crime, but it adds an all important caveat:
"... unless the actor [the defendant] at the time of his negligent conduct realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a tort or crime."
Restatement (Second) of Torts, § 449, expands on the meaning of § 448. Section 449 postulates:
"If the likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor [the defendant] negligent, such an act [by another person] whether innocent, negligent, intentionally tortious, or criminal, does not prevent the actor [the defendant] from being liable for harm caused thereby."
Britton v. Wooten , 817 S.W.2d 443, 449 (Ky. 1991). The Court continued its reliance *289 on the Restatement pointing out that "448 and 449, also must be read in conjunction with Restatement (Second) of Torts, § 302B [.]" Id. That section, "Risk of Intentional or Criminal Conduct," states:
An act or an omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the conduct of the other or a third person which is intended to cause harm, even though such conduct is criminal.
Id. (quoting Restatement (Second) of Torts , § 302B ). Applying the quoted Restatement provisions and case law, the Court then analyzed the facts under the superseding cause doctrine.
In Britton , a fire started when trash was piled next to a grocery store by a tenant's employees and the trash was ignited by a third-party causing the building to catch fire. Permitting the trash to pile up next to the building was a safety code violation and, even if not, piling rubbish and boxes too high in a dumpster and too close to a building could be negligent conduct. Id. at 447. The Court held that the third-party's act did not supersede the tenant's negligence because the fire was a reasonably foreseeable result of piling flammable material next to a building. Id. at 452. In the end, the Supreme Court held that whether the fire was started accidently, negligently, intentionally, or criminally was insignificant. Id. at 451. The issue as framed by the Court was whether it could be proved that the defendant "caused or permitted trash to accumulate next to its building in a negligent manner which caused or contributed to the spread of the fire and the destruction of the lessor's building." Id. at 451-52. If the defendant did so, "the source of the spark that ignited the fire [was] not a superseding cause under any reasonable application of modern tort law." Id. at 452.
Any similarity between Britton and this case ends with the fact that a grocery store caught fire. A parked truck with the ignition turned off is not a fire hazard as was the trash in Britton . Spradlin parked his truck in a parking lot where the undisputed evidence is that he had the possessor's permission to park.
An analogous situation was presented in Bruck v. Thompson , 131 S.W.3d 764 (Ky. App. 2004), where the alleged negligent actor left the key in an unlocked truck on his driveway, a thief stole the truck, and negligently operated the truck causing the plaintiff injuries. The Court held the original negligent act of leaving the key in the truck only created a condition. Id. at 768. Applying the superseding cause factors in NKC Hosps ., the Court concluded that the negligent driving of the thief was an unforeseeable intervening act that constituted a superseding cause. Id. at 769.
The Howards cannot prevail as a matter of law. Even if we assume Spradlin breached any duty owed to the Howards, the intervening and superseding intentional or criminal acts of the unknown third-party broke whatever weak chain of causation the Howards could establish.
For the reasons stated, the summary judgment of the Lawrence Circuit Court is affirmed.
ALL CONCUR.

In Kendall v. Godbey , 537 S.W.3d 326, 331-32 (Ky. App. 2017), this Court held that Shelton embraced the universal duty of care concept rather than the foreseeability analysis. "By removing foreseeability as a part of the duty analysis, duty effectively becomes a given element in negligence actions." While it is unnecessary for this panel to agree or disagree with this interpretation, we do urge our Supreme Court to clarify this issue at its first opportunity.