RENDERED: APRIL 14, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2022-CA-0862-MR

GARY MILLER                                                        APPELLANT

v.                    APPEAL FROM ESTILL CIRCUIT COURT
                      HONORABLE MICHAEL DEAN, JUDGE
                      ACTION NO. 19-CI-00259

DANIEL MUCHOW                                                        APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: EASTON, LAMBERT, AND McNEILL, JUDGES.

EASTON, JUDGE: This is an appeal of a summary judgment granted on a claim of negligence. The Appellee failed to file a brief. We reverse the circuit court and remand for further proceedings on the negligence claim.

## FACTUAL AND PROCEDURAL BACKGROUND

The Appellant Gary Miller ("Miller") leased an apartment from the Appellee Daniel Muchow ("Muchow"). A disagreement arose about rent

payments. Miller decided certain expenditures he made were the responsibility of Muchow as the landlord, and Miller decided to deduct these amounts from his rent. As this disagreement continued, Muchow decided to take action to force Miller out of the apartment. Muchow did not file a forcible detainer complaint against Miller.

Miller alleges he paid for the electricity for the apartment with the utility account in his name. Muchow is an electrician. Muchow turned off the electricity to Miller's apartment, padlocked the circuit box for that apartment, and told Miller that, if he tried to remove the lock, Muchow would have Miller arrested.

Miller has chronic obstructive pulmonary disease ("COPD"). He depends upon machinery to supply a sufficient level of oxygen. While he has a temporary battery-operated machine, other equipment was in his apartment and requires electricity. Miller took a hacksaw to the padlock. With about ninety seconds of effort, Miller was able to turn the electricity back on. Miller alleges he suffered a "flare up" of his COPD due to this physical exertion and stress of these events.

Miller initially pled several claims in his complaint, but this appeal addresses only the negligence claim, which is therefore the only claim remaining. Muchow asked for summary judgment. After the parties briefed the issues, the circuit court heard oral argument. The circuit court granted summary judgment

concluding Miller's actions were not foreseeable to Muchow and thus could not be a basis for negligence.

Miller filed this appeal. The trial court counsel for Muchow withdrew from the representation in this appeal. Muchow did not have substitute counsel enter an appearance and did not file a brief in this case. Having examined the record, we conclude the brief filed by the Appellant reasonably appears to sustain reversal on the negligence claim. RAP[1] 31(H)(3)(b). We need not accept the failure to file a brief as a confession of error by Muchow, although this was an option in these circumstances and would separately sustain the result we reach. RAP 31(H)(3)(c).

## STANDARD OF REVIEW

"The standard of review on appeal of a summary judgment is whether the circuit judge correctly found that there were no issues as to any material fact and that the moving party was entitled to a judgment as a matter of law." *Pearson ex rel. Trent v. Nat'l Feeding Systems, Inc.*, 90 S.W.3d 46, 49 (Ky. 2002). Summary judgment is only proper when "it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991).

---

[1] Kentucky Rules of Appellate Procedure.

In *Steelvest* the word "'impossible' is used in a practical sense, not in an absolute sense." *Perkins v. Hausladen*, 828 S.W.2d 652, 654 (Ky. 1992).

In ruling on a motion for summary judgment, a court is required to construe the record "in a light most favorable to the party opposing the motion . . . and all doubts are to be resolved in his favor." *Steelvest*, 807 S.W.2d at 480. Even though success on the merits appears "highly doubtful," summary judgment should not be granted based upon only an assessment of the strength of the claim. *Huddleston v. Hughes*, 843 S.W.2d 901, 907 (Ky. App. 1992) (Gudgel, J., concurring). Summary judgment is particularly difficult to apply to claims of negligence. *Hill v. Alvey*, 558 S.W.2d 613 (Ky. 1977). Because summary judgment involves only legal questions, as there can be no genuine issues of material fact, an appellate court does not defer to the trial court's decision and will review the issue *de novo*. *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001).

## ANALYSIS

The circuit court concluded it was not foreseeable to Muchow that Miller would try to cut the lock off the electrical box to get back into his apartment to access his medical equipment. As a result, the circuit court ruled Muchow did not breach any duty owed to Miller, leaving no viable claim for negligence.

First, it may be helpful to recognize what this case is not. This is not a case about an electricity provider cutting off electricity. Pursuant to the publicly regulated contracts for providing such a service, the electric company can cut off power for unpaid bills. *Huff v. Electric Plant Bd. of Monticello*, 299 S.W.2d 817 (Ky. 1957).

This case is also not about proper interactions between a landlord and a tenant which do not lead to any discernable damage. Nothing prohibits a landlord from asking a defaulting tenant to leave and reaching some terms to result in vacating the property without recourse to legal proceedings. But when a tenant refuses to leave, the law provides a remedy to avoid violence and injury which may occur with eviction by physical force.

Unfortunately, this case is not a review of such a forcible entry and detainer proceeding for leased premises. Had this been the course chosen by Muchow, the negligence claim could have been avoided. This case cautions against rash actions which may cause foreseeable injury.

If a landlord wants an unwilling tenant to leave, there is a legal remedy provided by our forcible entry and detainer statutes. KRS 383.200 *et seq*. This is the exclusive remedy. *Hoskins v. Morgan*, 61 S.W.2d 30 (Ky. 1933). Citing *Hoskins*, the encyclopedia known as American Jurisprudence, explains self-help,

including private entry and personal force, are not permitted.  35A AM. JUR. 2D *Forcible Entry and Detainer* § 8 (2023).

Muchow tried to do indirectly what he could not do directly.  Muchow took the first step toward a constructive eviction by turning off the electricity.  Muchow did this by interfering with the electrical service for which Miller paid.  This first step was unsuccessful.  Miller did not leave.  Still, Muchow did not enter the premises, nor did he physically remove Miller.

A landlord may be held liable for damages sustained because of a self-help physical eviction, even if the damages are humiliation alone.  *Maddix v. Gammon*, 169 S.W.2d 594 (Ky. 1943).  When a landlord takes an action against a tenant, "she must be held responsible for the natural and probable consequences of her wrongful act[.]"  *Kearns v. Sparks*, 296 S.W.2d 731, 733 (Ky. 1956).  Because a physical eviction did not take place, again we look at the case through the lens only of negligence.  Muchow's actions may still serve as the basis for liability for a negligence claim.

For a negligence claim, the duty of care to the other person includes assessment of the foreseeability of harm.  The assessment of foreseeability in some negligence cases has changed in recent years.  "The questions are not changing, their locations are.  To say, as we have in the past, that a defendant had no duty, under particular circumstances, to foresee a particular harm is really no different

from saying that the defendant's duty to take reasonable care was not breached, under those circumstances, by its failure to foresee the unforeseeable." *Shelton v. Kentucky Easter Seals Soc., Inc.*, 413 S.W.3d 901, 917 (Ky. 2013) (internal quotations marks omitted).

*Shelton* addressed foreseeability only in the context of conditions on property. It does not apply to actions taken by individuals on property, such as criminal acts by third persons against tenants or customers of businesses. It also does not apply to an affirmative action by the landlord as opposed to some dangerous condition existing on the property. We must evaluate foreseeability in this context different from *Shelton*.

Foreseeability is often conflated with causation, which appears to have happened here as evidenced by the circuit court's reference to Miller's "intervening" act of sawing off the padlock. *See Kendall v. Godbey*, 537 S.W.3d 326, 332 (Ky. App. 2017). In this case, there may be a causation argument about whether Muchow's act resulted in compensable damages. But that is not to be confused with the assessment of duty, including foreseeability of the harm caused by Muchow's preceding act.

The circuit court essentially reasoned Miller's intervening act was not foreseeable. To the extent the circuit court intended to rule Miller's act was a superseding intervening cause, that doctrine does apply to these alleged facts.

"The superseding intervening cause doctrine interplays with proximate causation in that a superseding cause breaks the chain of causation so that an otherwise negligent actor is relieved from liability." *Howard v. Spradlin*, 562 S.W.3d 281, 288 (Ky. App. 2018).

The *Howard* case recounts several elements for a superseding intervening cause, which cannot apply here. *Id*. For example, Miller's act does not involve the unforeseen actions of a third party. The only two parties involved were Miller and Muchow.

We then return to the foreseeability component of negligence duty analysis. In these alleged circumstances, it was clearly foreseeable that Miller would try to turn his electricity back on. Indeed, Muchow contemplated this specifically by warning Miller of Muchow's intent to arrest Miller if he tried.

In some cases, foreseeability as a component of duty may be decided as a matter of law. *See City of Barbourville v. Hoskins*, 655 S.W.3d 137 (Ky. 2022). We conclude this is not such a case. The foreseeable injury to Miller from the lack of access to his electrically powered equipment was an exacerbation of his medical condition. That is what is alleged to have happened.

Without electricity, Miller had access only to a portable oxygen tank with limited capacity. The fact Miller's sawing off the padlock contributed to the exacerbation of his medical condition does not make the harm suffered

-8-

unforeseeable.  Whether a harm was foreseeable depends on the general foreseeability of such harm.  *Howard*, 562 S.W.3d at 288.  The precise mechanism of the harm is not what must be foreseen.  *Id*.

In other words, Muchow did not need to know the precise injury Miller might suffer after turning off the electricity, only that injury to Miller was generally foreseeable.  Whether this harm occurred because Miller took desperate steps to turn back on his electricity or just from a continued lack of access to the needed equipment, the injury to Miller was generally foreseeable.  This created a genuine issue of material fact as to whether Muchow breached his duty to avoid injury to Miller.  Breach of this duty is a question of fact for the jury to decide in this case.  *Kendall*, 537 S.W.3d at 331.  Therefore, the circuit court erred in granting summary judgment.

## CONCLUSION

As there was a genuine issue of material fact as to whether Muchow breached his duty to exercise reasonable care to avoid injury to Miller, summary judgment was not authorized.  The judgment entered by the Estill Circuit Court is REVERSED, and this case is remanded to that court for further proceedings consistent with this Opinion.

ALL CONCUR.

BRIEF FOR APPELLANT:        NO BRIEF FOR APPELLEE.

Ryan Robey
Lexington, Kentucky